**Maximino PEREZ-TORRES, aka
Maximino Peres Torres, aka
Maximino Perez, Petitioner,**

**v.**

**Jefferson B. SESSIONS, III, Attorney
General, Respondent.**

**No. 15-72418**

United States Court of Appeals,
Ninth Circuit.

Submitted February 14, 2017 *

Filed February 23, 2017

Reyna Tanner, Attorney, Manulkin, Tanner, & Associates, Santa Ana, CA, for Petitioner

Jamie M. Dowd, Esquire, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Maximino Perez-Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. Avagyan v. Holder, 646 F.3d 672, 682 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez-Torres's motion to reopen as untimely, where he filed the motion over nine years after his final order of removal, see 8 C.F.R. § 1003.2(c)(2), and he has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline, see Avagyan, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

The BIA did not err in concluding that a motion to reopen a 2014 immigration judge

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decision from separate proceedings was not properly before it. *Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013) (recognizing the BIA's non-jurisdictional place-of-filing rule).

We do not consider the extra-record documentation that Perez-Torres submitted with his opening brief because it was not part of the administrative record. *See* 8 U.S.C.A. § 1252(b)(4)(A)(judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out-of-record evidence).

In light of this disposition, we do not reach Perez-Torres's remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.